UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

FITHAWI TESFAZGI,

Petitioner,

v. No. 6:26-CV-123-H

TODD BLANCHE, et al.,

Respondents.

**ORDER**

Fithawi Tesfazgi entered the United States illegally three years ago. Dkt. No. 1 at 2; Dkt. No. 9 at 2. ICE issued Tesfazgi a Notice to Appear, charging him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 9 at 2–3; *see* 8 U.S.C. § 1182(a)(6)(A)(i). Tesfazgi was then released from custody. Dkt. No. 9 at 3. But in December 2025, ICE re-issued Tesfazgi a Notice to Appear. *Id.* Since February 2026, he has been held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* Before the Court is Tesfazgi's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA and its implementing regulations, the Fifth Amendment, and the APA. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Tesfazgi's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v.*

*Noem*, 814 F. Supp. 3d 747, 752–53 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

Tesfazgi's arguments are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew and concludes that habeas relief is unwarranted. Therefore, the Court denies the petition. Dkt. No. 1.[2]

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez v. Ortega*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 180 F.4th 702 (5th Cir.), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

[2] Tesfazgi filed his habeas petition while he was detained in the Eden Detention Center in Eden, Texas. Dkt. No. 1 at 2. The ICE Online Detainee Locator System, however, indicates that Tesfazgi is now detained in El Paso. In any event, the Court retains jurisdiction because "[j]urisdiction attached on [the] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014).

So ordered on September 29, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE